# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*     Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance<br>[ ] 120 Marine<br>[ ] 130 Miller Act<br>[ ] 140 Negotiable Instrument<br>[ ] 150 Recovery of Overpayment & Enforcement of Judgment<br>[ ] 151 Medicare Act<br>[ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>[ ] 153 Recovery of Overpayment of Veteran's Benefits<br>[ ] 160 Stockholders' Suits<br>[ ] 190 Other Contract<br>[ ] 195 Contract Product Liability<br>[ ] 196 Franchise | **PERSONAL INJURY**<br>[ ] 310 Airplane<br>[ ] 315 Airplane Product Liability<br>[ ] 320 Assault, Libel & Slander<br>[ ] 330 Federal Employers' Liability<br>[ ] 340 Marine<br>[ ] 345 Marine Product Liability<br>[ ] 350 Motor Vehicle<br>[ ] 355 Motor Vehicle Product Liability<br>[ ] 360 Other Personal Injury<br>[ ] 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>[ ] 365 Personal Injury - Product Liability<br>[ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>[ ] 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>[ ] 370 Other Fraud<br>[ ] 371 Truth in Lending<br>[ ] 380 Other Personal Property Damage<br>[ ] 385 Property Damage Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881<br>[ ] 690 Other | [ ] 422 Appeal 28 USC 158<br>[ ] 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>[ ] 820 Copyrights<br>[ ] 830 Patent<br>[ ] 835 Patent - Abbreviated New Drug Application<br>[ ] 840 Trademark<br>[ ] 880 Defend Trade Secrets Act of 2016 | [ ] 375 False Claims Act<br>[ ] 376 Qui Tam (31 USC 3729(a))<br>[ ] 400 State Reapportionment<br>[ ] 410 Antitrust<br>[ ] 430 Banks and Banking<br>[ ] 450 Commerce<br>[ ] 460 Deportation<br>[ ] 470 Racketeer Influenced and Corrupt Organizations<br>[ ] 480 Consumer Credit (15 USC 1681 or 1692)<br>[ ] 485 Telephone Consumer Protection Act<br>[ ] 490 Cable/Sat TV<br>[ ] 850 Securities/Commodities/ Exchange<br>[ ] 890 Other Statutory Actions<br>[ ] 891 Agricultural Acts<br>[ ] 893 Environmental Matters<br>[ ] 895 Freedom of Information Act<br>[ ] 896 Arbitration<br>[ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>[ ] 950 Constitutionality of State Statutes |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR**<br>[ ] 710 Fair Labor Standards Act<br>[ ] 720 Labor/Management Relations<br>[ ] 740 Railway Labor Act<br>[ ] 751 Family and Medical Leave Act<br>[ ] 790 Other Labor Litigation<br>[ ] 791 Employee Retirement Income Security Act | **SOCIAL SECURITY**<br>[ ] 861 HIA (1395ff)<br>[ ] 862 Black Lung (923)<br>[ ] 863 DIWC/DIWW (405(g))<br>[ ] 864 SSID Title XVI<br>[ ] 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>[ ] 870 Taxes (U.S. Plaintiff or Defendant)<br>[ ] 871 IRS—Third Party 26 USC 7609 | |
| [ ] 210 Land Condemnation<br>[ ] 220 Foreclosure<br>[ ] 230 Rent Lease & Ejectment<br>[ ] 240 Torts to Land<br>[ ] 245 Tort Product Liability<br>[ ] 290 All Other Real Property | [ ] 440 Other Civil Rights<br>[ ] 441 Voting<br>[ ] 442 Employment<br>[ ] 443 Housing/ Accommodations<br>[ ] 445 Amer. w/Disabilities - Employment<br>[ ] 446 Amer. w/Disabilities - Other<br>[ ] 448 Education | **Habeas Corpus:**<br>[ ] 463 Alien Detainee<br>[ ] 510 Motions to Vacate Sentence<br>[ ] 530 General<br>[ ] 535 Death Penalty<br>**Other:**<br>[ ] 540 Mandamus & Other<br>[ ] 550 Civil Rights<br>[ ] 555 Prison Condition<br>[ ] 560 Civil Detainee - Conditions of Confinement | **IMMIGRATION**<br>[ ] 462 Naturalization Application<br>[ ] 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
_____

Brief description of cause:
_____

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*     JUDGE _____     DOCKET NUMBER _____

DATE _____     SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: C/O ANDREW TEITELMAN, ESQ., 380 RED LION RD. STE. 103, HUNTINGDON VALLEY, PA 19006

Address of Defendant: ONE MONTGOMERY PLAZA, STE 800, NORRISTOWN, PA 19404

Place of Accident, Incident or Transaction: MONTGOMERY COUNTY PA

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ] No [✔]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ] No [✔]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ] No [✔]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ] No [ ]

I certify that, to my knowledge, the within case [ ] is / [●] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 11/03/2020   /s Andrew Teitelman   PA 43545
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [ ] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [✔] All other Federal Question Cases
    *(Please specify):* olation of 14th Amendment to US Constitutio

B. *Diversity Jurisdiction Cases:*
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Andrew Teitelman, counsel of record *or* pro se plaintiff, do hereby certify:

[ ] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[✔] Relief other than monetary damages is sought.

DATE: 11/03/2020   /s Andrew Teitelman   PA 43545
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA
### (Philadelphia Division)

| | |
|---|---|
| KATHY BARNETTE, individually and as a candidate for Pennsylvania's 4th Congressional District and on behalf of all citizen electors of Montgomery County and Berks County, Pennsylvania, <br><br> and <br><br> CLAY D. BREECE, individually and as an elector in that portion of Pennsylvania's 4th Congressional District located in Berks County, and on behalf of all citizen electors of Berks County, Pennsylvania within Pennsylvania's 4th Congressional District <br><br>                       Plaintiffs, <br><br>     v. <br><br> KENNETH E. LAWRENCE JR., Chair of the Montgomery County Board of Elections and Vice Chair of the Montgomery County Board of Commissioners, in his official capacity, <br><br> VALERIE A. ARKOOSH, MD, MPH, Vice Chair of the Montgomery County Board of Elections and Chair of the Montgomery County Board of Commissioners, in her official, <br><br> FRANK DEAN, Mail-In Election Director for Montgomery County, in his official capacity. <br><br>                       Defendants. | <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br> **COMPLAINT** <br><br> Civil Action No. |

## **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

### INTORDUCTION

Not all counties in the Commonwealth of Pennsylvania are giving voters the same

opportunity to vote, jeopardizing the integrity of the 2020 election. In Montgomery County, the

Board of Elections is not only deviating from the standards set forth in the Pennsylvania Election Code, they have substituted and are implementing their own arbitrary standards by illegally pre-canvassing mail-in ballots received before November 3rd *and,* in certain instances, providing the electors submitting such illegally pre-canvassed ballots that are found to be deficient an opportunity to *re-vote* on or before November 3rd. The photograph below shows some of the more than 3,900 pre-canvassed ballots literally sitting in the main public hallway of the Montgomery County Health and Human Services Building (where, in another part of the building, the *two* rooms being used for the canvassing of mail-in ballots is located):[1]



---

[1] This "Ballots for Sale" photo was taken on 11/01/2020 by Robert Gillies during a tour of the Montgomery County mail-in ballot storage and canvass facility.

The ballots are near the main entrance of the building and are easily accessible by anyone entering or leaving the facility, whether county employees of members of the public. The Pennsylvania Election Code expressly prohibits counties from pre-canvasing any ballots, including absentee and mail-in ballots, before 7:00 a.m. on Election Day. 25 § P.S. 3146.8(g)(1.1).  The Supreme Court of Pennsylvania stated: "[U]nlike in-person voters, mail-in or absentee voters are not provided an opportunity to cure perceived defects in a timely manner." *In re: November 3, 2020 General Election,* No. 149 MM 2020, *12 (Pa. Oct., 23, 2020).  Part of the Supreme Court's rationale is tied to the equal treatment of voters.  While Berks County, some of whose electors, including plaintiff Breece, share the Pennsylvania 4th Congressional District with the majority of Montgomery County electors, is adhering to the Election Code and the Supreme Court's ruling, Montgomery County is pre-canvasing mail-in and absentee ballots, before 7 a.m. on Election Day, detecting defects in these ballots, and contacting <u>some</u> mail-in or absentee voters to change their ballots.

To make matters worse, the Montgomery County Board of Elections is restricting the ability of candidates and their representatives, the parties and their representatives and other legally constituted watchers (the "Canvass Watchers") to observe the entire canvass process for the mail-in and absentee ballots by:

   1.   Using two rooms instead of one, but only allowing the Canvass Watchers to be in a tiny holding pen at the edge of the room where the ballots will be scanned. The holding pen does not even afford a sufficient view of all of the ballot scanners and operators and, at best a highly obstructed view of the room where the ballot envelopes are opened and no view of the area where a committee chosen by the Election Board will make the decisions about the legality/staleness of ballots - - affording the Canvass Watchers no opportunity to observe and

protect any objection(s) they may have.

2. Providing a single 40" flat screen television in the holding pen so the Canvass Watchers permitted to be in the pen can see views obtained from approximately 12 ceiling cameras located throughout the two rooms that are supposed to be a substitute for actually observing the entire canvass process.

3. The vast majority of the Canvass Watchers will not even be able to be in the holding pen and will be relegated to a remote "overflow room" that has two 40" flat screen televisions meant to be a substitute view for the entire canvassing process.

These blatant failures to adhere to Election Code were made known to the Board of Elections by plaintiff Barnette through her counsel's letter dated November 1, 2020, a copy of which is attached hereto as Exhibit A. That letter followed Barnette's letter of October 31, 2020, (attached hereto as Exhibit B), where she requested that the Board of Elections supply her with the written procedures they will employ regarding the handling, security, chain of custody and canvass of the mail-in and absentee ballots and, also requesting that they be permitted to make a video recording of the process, while painstakingly adhering to privacy and security concerns. Barnette's requests were ignored, brushed off or red-taped into oblivion by the response of the Election Board *via* County Solicitor Josh Stein's letter of November 2, 2020, a copy of which is attached hereto as Exhibit C, along with the email exchanges between the parties related thereto.

Montgomery County's failure to comply with the Election Code and the Supreme Court's holding results in the disparate treatment of voters in violation of the Equal Protection Clause of the Fourteenth Amendment.  Equivalent votes in different counties and amongst similarly situated Montgomery County electors are being treated differently.  Pennsylvania voters should not be treated differently based on the county where they are required to vote.

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff, Kathy Barnette, is a resident of the Commonwealth of Pennsylvania, residing in Montgomery Country, and is an elector therein and a candidate for the Fourth Congressional District in Pennsylvania.

2. Plaintiff, Clay D. Breece, is a resident of the Commonwealth of Pennsylvania, residing in Berks County, and is an elector for the Fourth Congressional District in Pennsylvania.

3. Defendant, Montgomery County Board of Elections is responsible for overseeing the conduct of elections in Montgomery County, including the conduct of election personnel at polling locations throughout the county.

4. Defendant, Kenneth E. Lawrence, Jr., is the Chairman of the Board of Elections and the Vice Chair of the Montgomery County Board of Commissioners and is sued in his official capacity.

5. Defendant, Valerie A. Arkoosh, MD, MPH, is the Vice Chair of the Board of Elections and Chair of the Montgomery County Board of Commissioners and is sued in her official capacity.

6. Defendant, Frank Dean, is the Montgomery County Director of Mail-In Voting and is sued in his official capacity.

7. This Court has jurisdiction of this matter pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 2201.

8. Venue is proper under 28 U.S.C. § 1391(b).

**BACKGROUND**

9. The Pennsylvania Election Code states: "The county board of elections shall meet no earlier than seven o'clock A.M. on election day to pre-canvass all ballots received prior to the

meeting." 25 P.S. § 3146.8(g)(1.1.).

10. "The word 'pre-canvass' shall mean the inspection and opening of all envelopes containing official absentee ballots or mail-in ballots, the removal of such ballots from the envelopes and the counting, computing and tallying of the votes reflected on the ballots. The term does not include the recording or publishing of the votes reflected on the ballots." 25 P.S. § 102(q.1).

11. "A county board of elections shall provide at least forty-eight hours' notice of a pre-canvass meeting by publicly posting a notice of a pre-canvass meeting on its publicly accessible Internet website." 25 P.S. § 3146.8(g)(1.1.).

12. And, "one authorized representative of each candidate in an election and one representative from each political party shall be permitted to remain in the room in which the absentee ballots and mail-in ballots are pre-canvassed. No person observing, attending or participating in a pre-canvass meeting may disclose the results of any portion of any pre-canvass meeting prior to the close of the polls." *Id*.

13. During the pre-canvasing, the county board first "shall examine each ballot cast to determine if the declaration envelope is properly completed and to compare the information with the information contained in the 'Registered Absentee and Mail-in Voters File.'" 25 P.S. § 3146.8(g)(3).

14. Then the board "shall open the envelope of every unchallenged absentee elector and mail-in elector in such manner as not to destroy the declaration executed thereon." 25 P.S. § 3146.8(g)(4)(i).

15. "If any of the envelopes on which are printed, stamped or endorsed the words 'Official Ballot Election contain any text, mark or symbol which reveals the identity of the

elector, the elector's political affiliation or the elector's candidate preference, the envelopes and the ballots contained therein shall be set aside and declared void." 25 P.S. § 3146.8(g)(4)(ii).

16. Finally, the county board "shall then break the seals of such envelopes, remove the ballots and count, compute and tally the votes." 25 P.S. § 3146.8(g)(4)(iii).

17. The Montgomery County Board of Elections has verified that, in contravention of Pennsylvania's Election Code, Montgomery County officials began pre-canvassing before November 3, 2020, by inspecting newly received mail-in ballots and/or absentee ballots and noting any defects such as defects in declarations or a missing inner envelope also known as a "secrecy envelope." Email from Joshua M. Stein, Esquire to Julia Vahey, 10/31/20; Email from Frank Dean (Dean) to Lee Soltysiak and Josh Stein, 10/31/20 (hereinafter "Ex. D"); Excel spreadsheet attached to Email from Dean to Lee Soltysiak and Josh Stein, 10/31/20 (hereinafter "Ex. E").

18. Specifically, in his October 31, 2020 e-mail, Dean sent the "latest list of ballots with defects" to Lee Soltysiak and Josh Stein and wrote: "If the defect is an Incomplete Declaration or Missing Secrecy Envelope, the voter need only come to 1430 DeKalb Street, Norristown, PA 19401. They will be given the opportunity to correct their declaration or we will provide them with a secrecy envelope, which they can insert and reseal inside the Ballot Return Envelope." Ex. D.

19. Dean further wrote: "For the remainder of defects, the voter needs to go to Voter Services, One Montgomery Plaza, 425 Swede Street, Suite 602, Norristown, PA 19404 and request a Cancel/Replace." Ex. D.

20. The Supreme Court of Pennsylvania stated: "[U]nlike in-person voters, mail-in or absentee voters are not provided an opportunity to cure perceived defects in a timely

manner." *In re: November 3, 2020 General Election,* No. 149 MM 2020, at *12.

21. The Excel spreadsheet attached to Dean's October 31, 2020 e-mail indicates that Montgomery County began pre-canvassing as early as October 21, 2020, based on start and end times in the spreadsheet, and contacted some but not all voters with defects in their ballots. Ex. E.

22. Dean's October 31, 2020 e-mail and Excel spreadsheet demonstrates that Montgomery County engaged in pre-canvassing prior to 7:00 a.m. on Election Day by inspecting absentee and/or mail-in ballots. Exs. A & B. Dean's Excel spreadsheet specifically notes ballots have defective declarations and lack a secrecy envelope. Ex. E.

23. Montgomery County never provided public notice 48 hours prior to engaging in pre-canvassing.

24. Montgomery County deprived one authorized representative from each candidate, including Barnette, and each party from being in the room in which the mail-in and absentee ballots are pre-canvassed.

25. Montgomery County also essentially unlawfully disclosed a portion of a pre-canvass meeting prior to the close of the polls.

26. Montgomery Count allowed voters to change their ballots by, for example, changing their declarations or adding a secrecy envelope in the Ballot Return Envelope.

27. Upon information and belief, Berks County has not deviated from the Election Code standards by adding their own language or engaging in pre-canvasing or limiting the ability of their Canvass Watchers to actually observe the entire canvass of the mail-in and absentee ballots in that county; and does not intend pre-canvass or canvass such ballots prior to 7:00 a.m. on Election Day. Unlike the Montgomery County Board of Elections, the Berks County Board

of elections has provided public notice and stated: "Due notice is hereby given that the pre-canvass of mail-in and absentee ballots will commence on November 3, 2020 at 7:00AM, Doubletree by Hilton Hotel Reading, 701 Penn Street, Reading, PA 19601."  Berks County Public Notice of Pre-Canvassing, https://www.co.berks.pa.us/Dept/Elections/Pages/default.aspx (last visited Nov. 2, 2020).

28. Berks County in Pennsylvania is following the Election Code by (a) refraining from pre-canvasing until 7:00 a.m. on Election Day and (b) not providing electors an opportunity to change their ballots after submitting the ballots to Berks County. They are also providing their Canvass Watchers a full and fair opportunity to observe the entire canvass process, unlike Montgomery County.

29. Montgomery County's actions violate the Election Code of Pennsylvania, the Supreme Court of Pennsylvania's holding, and the Equal Protection Clause of the Fourteenth Amendment.

30. As a result of Montgomery County's actions, similarly situated voters are being treated differently based on the county where they are required to vote.  In other words, equivalent votes in different counties are being treated differently.

31. In *Bush v. Gore*, 531 U.S. 98, 104-05 (2000), the Court determined that Florida's disparate method of determining a legal vote amounted to an unconstitutional abridgment of the right to vote.  The Supreme Court held that "[h]aving once granted the right to vote on equal terms, the State may not, by later arbitrary and disparate treatment, value one person's vote over that of another."  *Id*. (citing *Harper v. Va. Bd. of Elections*, 383 U.S. 663, 665 (1966) ("[O]nce the franchise is granted to the electorate, lines may not be drawn which are inconsistent with the Equal Protection Clause of the Fourteenth Amendment.")).

32. At this juncture, in order to make sure that voters in Berks County and Montgomery County are treated equally, Defendants must set aside and declare void any ballots that have been submitted to Montgomery County and subsequently changed.

33. Currently, the Montgomery County Board of Elections has identified at least 1,200 electors as of Dean's October 31, 2020 e-mail, who submitted a defective mail-in or absentee ballot. Plaintiff does not challenge Montgomery County's actions with respect to any mail-in or absentee ballot that was not submitted by the voter.

34. Defendants have exalted Montgomery County mail-in and absentee voters over other voters such as voters in Berks County in the Commonwealth of Pennsylvania.

35. Plaintiff is running as the candidate in the 4th Congressional District for the Republican Party, and she will be at a significant disadvantage as the 4th Congressional District consists of both Montgomery County and Berks County. A vote that could count in Montgomery County will not count in Berks County because of the decisions made by Defendants in violation of Pennsylvania's Election Code and the Supreme Court of Pennsylvania's holding.

36. In short, the Montgomery County Board of Elections practice is unlawful and unconstitutional, and it should be stopped.

37. The standard being applied by Montgomery County Election Board will result in similarly situated electors in Montgomery County, whose ballots have the same kinds of disqualifying issues that would render them stale, but which are detected on or after November 3rd, from those whose ballots are shown in the Ballots for Sale photo who the county will permit to revote if they show up on or before November 3rd. And, the improper pre-canvass and opportunity to revote given to some Montgomery County electors is not being offered at all - -

and properly so, by the Berks County Board of Elections, resulting in their 4th Congressional District electors being treated differently from the Montgomery County electors whose ballots were pre-canvassed prior to 11/03. None of the electors from either county should be permitted to revote and none of their ballots should have been pre-canvassed in any event.

## COUNT I
### Violation of the Fourteenth Amendment of the Constitution of the United States of America

38. The allegations set forth in the foregoing paragraphs are incorporated herein as though set forth at length.

39. The Board's action presents not only a problem under Pennsylvania's Election Code but it violates the Equal Protection Clause of the Fourteenth Amendment. *Bush v. Gore*, 531 U.S. 98, 104-05 (2000) ("[H]aving once granted the right to vote on equal terms, the State may not, by later arbitrary and disparate treatment, value one person's vote over that of another.")

40. The Montgomery County Board of Elections has placed Montgomery County mail-in and absentee voters on a pedestal by engaging in pre-canvassing of absentee or mail-in ballots prior to 7:00 a.m. on Election Day, by contacting select voters to notify them that they may change their ballot, and by permitting select voters to change their ballots.

41. Plaintiff has no adequate remedy at law and will suffer serious and irreparable harm to their constitutional rights unless Defendants are enjoined and compelled to enforce the mandates of the Election Code.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs respectfully request that this Court enter an Order:

a. Enjoining the defendants and anyone acting on their behalf from pre-canvassing

ballots before 7:00 a.m., Tuesday, November 3, 2020.

b. Enjoining the defendants and anyone acting on their behalf from contacting any elector whose mail-in ballot or absentee ballot contains perceived and actual defects and allowing the elector to change their ballot.

c. Setting aside, sequestering and declaring spoiled any mail-in or absentee ballots that have been changed by an elector or otherwise not conforming with the Election Code;

d. Declaring the defendants' conduct unconstitutional;

e. Awarding Plaintiff's attorneys fees and costs under 42 U.S.C. § 1983, 1988; and

f. Awarding Plaintiff any other appropriate relief.

Dated: November 3, 2020                                                 Respectfully submitted,

*/s/ Andrew Teitelman*
Andrew Teitelman
PA ID No. 43545
Law Offices of Andrew Teitelman P.C.
380 Red Lion Rd Ste 103
Huntingdon Valley, PA, 19006
Tel: 267-255-6864  Fax: 215-434-7491
Email: ateitelman@teitelaw.com

*/s/ Thomas E. Breth*
Thomas E. Breth
PA ID No. 66350
Dillon McCandless King Coulter & Graham LLP
128 West Cunningham Street
Butler, PA. 16001
724-283-2200

*Counsel for Plaintiffs*