**EXHIBIT B**



October 30, 2020

*Via Email – voters@montco.org &*
*Facsimile – 610-292-4527*
Montgomery County Board of Elections
P.O. Box 311
Norristown, PA 19404-0311

*Via Email – ken@montcopa.org*
*Facsimile – 610-292-4527*
Kenneth E. Lawrence Jr., Chair
Montgomery County Board of Elections
P.O. Box 311
Norristown, PA 19404-0311

*Via Email – JGale@montcopa.org*
*Facsimile – 610-292-4527*
Joseph C. Gale, Vice Chair
Montgomery County Board of Elections
P.O. Box 311
Norristown, PA 19404-0311

*Via Email – val@montcopa.org*
*Facsimile – 610-292-4527*
Valerie A. Arkoosh, MD, MPH
Montgomery County Board of Elections
P.O. Box 311
Norristown, PA 19404-0311

*Via Email – coo@montcopa.org*
*Facsimile – 610-292-4527*
Lee Soltysiak, Chief Clerk
Montgomery County Board of Elections
P.O. Box 311
Norristown, PA 19404-0311

*Via Email – JStein1@montcopa.org*
*Facsimile – 610-292-4527*
Josh Stein, Esquire, County Solicitor
One Montgomery Plaza
Suite 800
Norristown, PA 19404

Re:   **Mail-In Ballot Security, Chain of Custody and Canvass Protocols**

To the Honorable Members of the Montgomery County Board of Elections:

Please be advised that I have assumed the representation of Kathy Barnette, the Republican candidate for the United States House of Representatives, Pennsylvania 4th District, and her campaign committee, the Friends for Kathy Barnette (the "Barnette Parties"). Prior to this the Barnette Parties were represented by Jonathan S. Goldstein, Esquire and his firm Goldstein Law Partners, LLC. I mention this because Mr. Goldstein has been in communication with County Solicitor Stein on behalf of the Barnette Parties concerning the matters addressed in this correspondence. Mr. Goldstein and his firm no longer represent the Barnette Parties and, going forward, please direct your communications regarding the Barnette Parties and the matters raised herein to my office only or to such others I may request that you include.

My clients are concerned with the security, chain of custody and canvass protocols being employed regarding mail-in ballots. Given the difficulties with controlling the collection and canvass of the mail-in ballots during the June primary, we are hopeful that the Board of Elections shares our

380 RED LION ROAD • SUITE 103 • HUNTINGDON VALLEY, PA • 19006
PHONE • 267.255.6864 • FACSIMILE • 215.434.7491
E-mail • ATeitelman@teitelaw.com

EX B - 1

desire for a transparent and open mail-in ballot process for the general election and the canvass beginning on November 3rd. As stated in Mr. Goldstein's email exchange with County Solicitor Stein on October 29th, it is my clients' intention to make a video and audio record of the mail-in and absentee ballot canvass beginning on November 3rd at 7:00 a.m. when the pre-canvass commences.

Mr. Goldstein was partially in error by stating that the recordings would be made by one of the Barnette Parties' "watchers." My clients intend to record the process from multiple perspectives during the entire canvass period, so it is likely that more than one representative, whether a watcher pursuant to 25 P.S. § 2650 (a), or attorney in fact pursuant to 25 P.S. § 2650 (b), will be participating in the recordings at any given point in the process. We also anticipate working with other candidates who also want to assure an accurate and impartial recording of the mail-in ballot canvass to make certain there is adequate coverage. It is also our intention to make copies of the recordings available to the Board of Elections.

My clients will, as Mr. Goldstein noted to County Solicitor Stein, be assiduous in assuring that their representatives will not record any specific ballot nor will they interfere with the persons performing the canvass or others properly present, and they will be as quiet and unobtrusive as possible. Mr. Goldstein indicated that he was close to reaching an agreement with County Solicitor Stein regarding my clients' intention to record the mail-in/absentee ballot canvass. We hope to continue in that cooperative spirit and would like to further these discussions with you. I am available any time this evening and over the weekend by phone at 267-255-6864 and by email at ateitelman@teitelaw.com. We will also be available Monday morning as well.

Separately, my clients have an ongoing request to which they require a written response. To date, despite many informal inquiries by the Barnette Parties and others, we still do not have a formal written set of procedures and protocols from the Board for the handling of mail-in ballots from inception through the canvass and any recount(s). For instance, we were led to believe that the ballot drop boxes were to be under video surveillance whenever they were in operation and that we would have access to those streams in real time and/or recordings thereafter. That has not proven to be the case and we need to know if such recordings were made and how we can obtain access. Additionally, my clients were informed yesterday that the document entitled "Delaware County Board of elections 2020 General Election Pre-Canvass and Canvass Process," (attached hereto) has been adopted by your Board. Is this accurate and, if so, what procedure is in place to dispute the portions of this document that my clients find objectionable?

We are hopeful that you will be able to adequately respond to our inquiries and work cooperatively with my clients to accommodate the recording process discussed earlier and establish polling and canvassing practices that are as transparent and open as we should all desire. This is especially important for this election, which is the first general election to employ such widespread mail-in balloting while also dealing with COVID-19 concerns, with what is, most-likely, going to be a record turnout of voters.

Thank you for your consideration.

Sincerely,

Andrew Teitelman

AT/s

EX B - 2

# Delaware County Board of Elections

# 2020 General Election

# Pre-Canvass and Canvass Process

The Pre-canvass

The pre-canvass shall commence promptly at 7:00 am on Election Day in the building housing the Bureau office in Chester. Upon or shortly before the commencement of the pre-canvass, a list of all the names of the voters whose ballots are to be pre-canvassed will be posted on the Board website, emailed to party leaders, and provided to any observers present at the pre-canvass.

During the pre-canvass, Board staff will compare the names on the list of ballot envelopes to be pre-canvassed or canvassed to a list provided by the Voter Registration Office of voters who have passed away in the period from October 1, 2020 through Election Day and remove the ballot envelopes of any such voters. Ballots of deceased voters shall not be counted and shall be entered in the SURE system as cancelled in accordance with SURE system procedures.

Each remaining ballot envelope will then be reviewed to confirm that the voter is on the absentee/mail-in voter list as reflected in the preprinted label on the ballot envelope and examined by a Board staff member to assess the sufficiency of the voter declaration on the ballot envelope. In instances where Board staff is uncertain as to the sufficiency of a voter declaration, the matter shall be elevated to the attention of Ms. Hagan and/or Ms. Jackson, who will, in consultation with the Board Solicitor, make a final determination on

that question in accordance with the authority delegated to them by the Board.

All outer ballot envelopes that are successfully confirmed through the foregoing examination process will then be opened. An outer ballot envelope may opened as soon as it is successfully confirmed.

Once the outer ballot envelope is opened, Board staff shall examine the contents of that envelope. If upon inspection of the contents of the outer envelope Board staff discovers that the envelope contains a naked ballot, such naked ballot shall be returned to the outer envelope and set aside and coded as cancelled as described in the October 25, 2020 directive from the Pennsylvania Department of State.

If the outer ballot envelope is found, once opened, to contain a privacy envelope, Board staff shall examine the privacy envelope for any text, mark or symbol that reveals the identity of the voter, the voter's political affiliation, or the voter's candidate preference. Any ballots with such text, markings, or symbols on the privacy envelopes shall be elevated to the attention of Ms. Hagan and/or Ms. Jackson, who will, in consultation with the Board Solicitor, determine, in accordance with the authority delegated to them by the Board, whether the indications disqualify the ballot. Any ballot disqualified for prohibited markings on the privacy envelope shall be returned to its privacy envelope and shall be set aside and declared cancelled as set forth below.

Each ballot that clears the forgoing process shall be prepared for scanning and scanned.

The pre-canvass shall conclude at 8:00 pm on Election Day. When the pre-canvass concludes, the results of the pre-canvass will be tallied on the scanners.

The Canvass

The pre-canvass shall automatically convert into the canvass at 8:00 pm on Election Day.

If the list of ballots to be pre-canvassed was not completed during the pre-canvass, the canvass will continue the review process described above for the ballots remaining from the pre-canvass list.

When the pre-canvass/canvass of all of the ballots on the pre-canvass list nears completion, a list of remaining ballots to be canvassed will be generated and posted on the Board website, emailed to party leaders, and provided to any observers present at the canvass. That list will be updated on a daily basis to reflect ballots newly received by the Board.

At the conclusion of the canvass, any ballots determined during the pre-canvass or canvass to be ballots that should not be counted, including (1) naked ballots, (2) ballots with disqualifying marks on the privacy envelope, and (3) ballots that were not successfully confirmed during the confirmation process, that have not previously been entered into the SURE system as cancelled shall be entered in the SURE system as cancelled in accordance with SURE system procedures and Pennsylvania Department of State directives and guidance.

Hearings on Timely Challenged Ballots

At the place and time designated by the Board and noticed in accordance with the requirements of the Election Code, the Board shall hold a hearing on any Timely Challenged Ballots. Any ballots determined by the Board at such hearing to meet the statutory requirements to be counted shall be opened, scanned, and counted in the usual manner. All ballots determined by the Board at such hearing to fail to meet the requirements to be counted will not be counted and shall be entered in the SURE system as cancelled in accordance with SURE system procedures and Pennsylvania Department of State directives and guidance.

Pre-canvass/Canvass Observers

One authorized representative observer of each candidate in the election and one representative from each political party shall be permitted to be in the room in which the absentee ballots and mail-in ballots are pre-canvassed/canvassed; provided, however, that if the number of observers is such that there is not sufficient space to accommodate all observers at one time in the designated observers area while permitting social distancing, then the observers for the two major parties and for the two major Presidential Campaigns shall be permitted to remain in the room at all times, while the other observers shall be permitted to be in the room on a rotating basis as space and health guidelines permit.

No person observing, attending or participating in the pre-canvass may disclose the results of any portion of the pre-canvass prior to the close of the polls at 8 pm on Election Day.

Any party or candidate seeking to have an observer at the pre-canvass or canvass must email ElectionBoardMembers@co.delaware.pa.us with the name of each observer they would like to appoint, the observer's address, and—if the observer is the attorney for a party or candidate—the PA Bar number of the observer. Due to security restrictions, observer requests must be received by 5 p.m. on Friday, October 30, 2020 in order to be approved prior to Election Day. Requests received after that deadline will be processed on a rolling basis any may not be processed prior to the start of the pre-canvass or canvass.

Observers must be pre-approved in accordance with the process described above and pass a security and health screening in order to be admitted to the pre-canvass and canvass. Each observer must sign the observer log and a written declaration not to disclose the results of any portion of the pre-canvass prior to the close of the polls in order to gain admission to the pre-canvass/canvass.

Each observer must remain in the physical area(s) within the room designated for observers. Observers must at all times wear a face mask, observe social distancing, and comply with other safety guidelines. Observers may not disrupt or interfere with Board staff performing the pre-canvass and canvass. Observers shall not be permitted to take photographs, video or audio recordings, or use mobile phones inside the observation area during the pre-canvass or canvass. Any observer who does not remain within the designated observer area, does not comply with safety guidelines, violates the prohibitions against interference with Board staff or against the taking of photographs, recordings, or mobile phone use, or engages in any other disruptive conduct shall be removed from the pre-canvass/canvass. Any observer removed from the pre-canvass/canvass for failure to remain in the designated observer area, failure

to comply with safety guidelines, or for any other disruptive conduct shall not subsequently be readmitted to the pre-canvass/canvass.

Observers have no right to raise any challenge to any ballot during the pre-canvass or canvass. Any observer who attempts to raise such a challenge shall be removed from the room for engaging in disruptive conduct.

J. Manly Parks
Solicitor
Delaware County Board of Elections