IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHY BARNETTE, individually and as a candidate for Pennsylvania's 4th Congressional District and on behalf of all citizen electors of Berks County, Pennsylvania, et al.<br><br>Plaintiffs,<br>v.<br><br>KENNETH E. LAWRENCE JR., Chair of the Montgomery County Board of Elections and Vice Chair of the Montgomery County Board of Commissioners, in his official capacity, et al.<br><br>Defendants. | Civil Action No. 2:20-cv-05477 |

## MEMORANDUM IN SUPPORT OF THE
## MOTION FOR A TEMPORARY RESTRAINING ORDER

1. Plaintiffs, Kathy Barnette and Clay Breece, by and through her undersigned counsel, move this Court to issue a Temporary Restraining Order, pursuant to Federal Rule of Civil Procedure 65(b) to enjoin Defendants, the Montgomery County Board of Elections, Kenneth E. Lawrence Jr., Valarie A. Arkoosh, MD, MPH, and Frank Dean, from pre-canvassing prior to Election Day and from continuing to provide electors an opportunity to change submitted, mail-in ballots or submitted absentee ballots prior to Election Day, on Election Day, or after Election Day contrary to the provisions of the Election Code.

2. Further, Plaintiffs move this Honorable Court for a Temporary Restraining Order, pursuant to Federal Rule of Civil Procedure 65(b), et seq., to enjoin the Defendants and their agents from continued violations of the Pennsylvania Election Code related to any perceived or actual defective mail-in ballots or any perceived or actual defective absentee ballots, which are being improperly handled by Defendants and to Order that

all of the said defective ballots and their "replacements" are set aside without requiring the posting of funds by the Plaintiffs, and further providing for the proper handling of all mail-in ballots and absentee ballots cast in Montgomery County.

3. The motion for temporary restraining order is supported by Plaintiff's Complaint for Declaratory and Injunctive as well as the exhibits to the Complaint, which are hereinafter incorporated by reference into this Memorandum.

4. As pled in the Complaint, Plaintiffs will face irreparable harm if a Temporary Restraining Order is not issued as multiple individuals have already been allowed to cure their defective ballots, and Montgomery County is continuing to allow voters who submitted mail-in ballots or absentee ballots to change their ballots even on Election Day.

5. Further, there is a substantial probability that the Plaintiffs will succeed in their challenge that the Board of Elections' actions are a direct violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

6. The harm to the Defendants will be minimal if Plaintiffs' requested relief is granted because both Plaintiff and Defendants have a direct interest in maintaining election security and integrity.

7. For all these reasons, Plaintiffs respectfully request that this Court grant the Motion for Temporary Restraining Order.

Respectfully Submitted,

**DILLON, MCCANDLESS, KING, COULTER & GRAHAM, LLP**

Dated: November 3, 2020

By: /s/ Thomas E. Breth
Thomas E. Breth
Jordan P. Shuber

*Counsel for Plaintiff*