IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Kathy Barnette, *et al.*,<br><br>        Plaintiffs,<br><br>  v.<br><br>Kenneth E. Lawrence Jr., Chair of the Montgomery County Board of Elections and Vice Chair of the Montgomery County Board of Commissioners, in his official capacity, *et al.*,<br><br>        Defendants. | No. 20-cv-5477<br>Judge Petrese B. Tucker<br><br>**[PROPOSED] ANSWER** |

Intervenor-Defendant Democratic Services Corporation/Democratic National Committee (the "DNC"), by and through its attorneys, submits the following Answer to Plaintiffs' Complaint for Declaratory and Injunctive Relief. Intervenors response to the allegations in the Complaint as follows:

**UNNUMBERED INTRODUCTION**

The Complaint contains an unnumbered introduction. To the extent an answer is required, Intervenors are without sufficient information or knowledge with which to form a belief as to the truth or falsity of the allegations and therefore deny.

**PARTIES, JURISDICTION, AND VENUE**

1. Intervenors are without sufficient information or knowledge with which to form a belief as to the truth or falsity of the allegations in Paragraph 1 and therefore deny.

2. Intervenors are without sufficient information or knowledge with which to form a belief as to the truth or falsity of the allegations in Paragraph 2 and therefore deny.

3. Intervenors admit the allegations in Paragraph 3.

4. Intervenors admit the allegations in Paragraph 4.

5. Intervenors admit the allegations in Paragraph 5.

6. Intervenors admit the allegations in Paragraph 6.

7. Paragraph 7 contains legal conclusions to which no response is required.

8. Paragraph 8 contains legal conclusions to which no response is required.

## BACKGROUND

9. Paragraph 9 purports to quote from the cited statute, which speaks for itself, and no response is required.

10. Paragraph 10 purports to quote from the cited statute, which speaks for itself, and no response is required.

11. Paragraph 11 purports to quote from the cited statute, which speaks for itself, and no response is required.

12. Paragraph 12 purports to quote from the cited statute, which speaks for itself, and no response is required.

13. Paragraph 13 purports to quote from the cited statute, which speaks for itself, and no response is required.

14. Paragraph 14 purports to quote from the cited statute, which speaks for itself, and no response is required.

15. Paragraph 15 purports to quote from the cited statute, which speaks for itself, and no response is required.

16. Paragraph 16 purports to quote from the cited statute, which speaks for itself, and no response is required.

17. Intervenors deny that the conduct described constitutes pre-canvassing. Intervenors are without sufficient information or knowledge with which to form a belief as to the truth or falsity of the remaining allegations in Paragraph 17 and therefore deny.

18. Intervenors are without sufficient information or knowledge with which to form a belief as to the truth or falsity of the allegations in Paragraph 18 and therefore deny.

19. Intervenors are without sufficient information or knowledge with which to form a belief as to the truth or falsity of the allegations in Paragraph 19 and therefore deny.

20. Paragraph 20 contains merely characterizations and legal conclusions to which no response is required.

21. Intervenors are without sufficient information or knowledge with which to form a belief as to the truth or falsity of the allegations in Paragraph 21 and therefore deny.

22. Intervenors are without sufficient information or knowledge with which to form a belief as to the truth or falsity of the allegations in Paragraph 22 and therefore deny.

23. Intervenors are without sufficient information or knowledge with which to form a belief as to the truth or falsity of the allegations in Paragraph 23 and therefore deny.

24. Intervenors are without sufficient information or knowledge with which to form a belief as to the truth or falsity of the allegations in Paragraph 24 and therefore deny.

25. Intervenors are without sufficient information or knowledge with which to form a belief as to the truth or falsity of the allegations in Paragraph 25 and therefore deny.

26. Intervenors are without sufficient information or knowledge with which to form a belief as to the truth or falsity of the allegations in Paragraph 26 and therefore deny.

27. Intervenors are without sufficient information or knowledge with which to form a belief as to the truth or falsity of the allegations in Paragraph 27 and therefore deny.

28. Paragraph 28 contains a legal conclusion to which no response is required. To the extent a response is required, Intervenors are without sufficient information or knowledge with which to form a belief as to the truth or falsity of the allegations in Paragraph 28 and therefore deny.

29. Paragraph 29 contains a legal conclusion to which no response is required. To the extent a response is required, Intervenors deny the allegations.

30. Paragraph 30 contains a legal conclusion to which no response is required. To the extent a response is required, Intervenors deny the allegations.

31. Paragraph 31 contains a legal conclusion to which no response is required. To the extent a response is required, Intervenors deny the allegations.

32. Deny.

33. Intervenors are without sufficient information or knowledge with which to form a belief as to the truth or falsity of the allegations in Paragraph 33 and therefore deny.

34. Deny.

35. Admit that Plaintiff is running as a candidate in the 4th Congressional District. Intervenors deny all remaining allegations.

36. Deny.

37. Deny.

**COUNT I**

38. Intervenors incorporate by reference all of their responses in the preceding and ensuing paragraphs as if fully set forth herein.

39. Deny.

40. Deny.

4

41. Deny.

## GENERAL DENIAL

42. Intervenors deny each and every allegation not expressly admitted herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. Plaintiffs lack Article III standing to bring the claims asserted in the Complaint.

3. The Complaint is barred in whole or in part by the doctrine of abstention.

4. Plaintiffs are estopped from bringing some or all of the claims asserted in the action.

5. Plaintiffs are equitably estopped from bringing some or all of the claims asserted.

6. Plaintiffs' claims are barred by the equitable doctrine of laches.

7. Plaintiffs' claims are barred by the doctrine of illegality.

8. Plaintiffs' unclean hands preclude relief.

9. Plaintiffs have waived the right to bring some or all of their claims.

10. Plaintiffs' claims are barred in whole or in part by the doctrine of res judicata.

11. Intervenors reserve the right to amend this Answer at a later time.

## PRAYER FOR RELIEF[1]

Intervenors deny that Plaintiffs are entitled to their requested relief. They request that the Court:

a. Deny that Plaintiffs are entitled to any relief;

---

[1] The headings in the Complaint are not part of the allegations but to the extent that they are, Intervenors deny them as well.

5

b.      Dismiss the complaint in its entirety, with prejudice; and

c.      Grant such other and further relief as the Court may deem just and proper.

Dated: November 3, 2020              Respectfully submitted,

**PERKINS COIE, LLP**

By: */s/ Edward Rogers*

Edward Rogers
Terence M. Grugan
**Ballard Spahr LLP**
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: (215) 665-8500
Facsimile: (215) 864-8999
RogersE@ballardspahr.com
GruganT@ballardspahr.com

Marc E. Elias*
Uzoma N. Nkwonta*
John M. Geise*
Stephanie I. Command*
PERKINS COIE LLP
700 13th Street, NW, Suite 800
Washington, D.C. 20005-3960
Telephone: (202) 654-6200
Facsimile: (202) 654-6211
MElias@perkinscoie.com
UNkwonta@perkinscoie.com
JGeise@perkinscoie.com
SCommand@perkinscoie.com

*Counsel for Proposed Intervenor Democratic National Committee*

**Motions for Admission Pro Hac Vice Forthcoming*